F I L E D
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

DEC 17 1999

**PATRICK FISHER**
Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 99-4046 |
| | (D. Utah) |
| JESUS JOSE MACIAS, | (D.Ct. No. 98-CR-355-01-K) |
| Defendant-Appellant. | |

_____

**ORDER AND JUDGMENT**[*]

_____

Before **SEYMOUR, BALDOCK,** and **BRORBY** Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Jesus Jose Macias entered a conditional plea of guilty to one

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

count of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and was sentenced to seventy-eight months imprisonment and sixty months supervised release. Mr. Macias now appeals the trial court's denial of his motion to suppress. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## BACKGROUND

On February 27, 1998, Deputy Salt Lake County Sheriff Dave Broadhead supervised several deputies in an attempted undercover purchase of marijuana. The officers made arrangements to purchase twenty pounds of marijuana from two men, neither of whom was Mr. Macias. After meeting with the officers, the two suspects were eventually followed to a location later determined to be Mr. Macias' residence. The suspects were observed entering Mr. Macias' residence, then returning to their vehicle carrying a large orange garbage bag which appeared to be full. After leaving Mr. Macias' residence, the suspects realized they were being followed. A high-speed chase ensued resulting in the apprehension and arrest of the two men. During the chase, the orange garbage bag was thrown from the suspects' vehicle. The bag was subsequently recovered by officers and determined to be full of marijuana.

Approximately thirty minutes after the suspects were observed leaving Mr. Macias' residence, Deputy Broadhead led a group of officers back to the residence, where he knocked on the door and announced his presence. Mr. Macias' girlfriend, Angelica Munoz, answered the door.[1] The testimony of Ms. Munoz and Deputy Broadhead differs substantially as to what happened next, but the district court determined Ms. Munoz allowed the officers to enter the residence, either through express words of consent, or through her actions by stepping back and opening the door after Deputy Broadhead asked for permission to enter. Upon entering the home, Deputy Broadhead smelled marijuana and asked Ms. Munoz if there was marijuana in the home, to which she replied "there could be." During a subsequent protective search of the home, Deputy Broadhead observed numerous orange bags full of marijuana in the basement. Deputy Broadhead then left the residence to obtain a search warrant while the other officers remained at the house. The search warrant was issued, and Deputy Broadhead returned to the house to participate in the search. The officers ultimately seized several firearms in addition to the marijuana from the basement.

Mr. Macias filed a motion to suppress the evidence seized from his home

---

[1] Ms. Munoz married Mr. Macias prior to the suppression hearing, but we will refer to her herein as Ms. Munoz.

-3-

on the grounds "the information which forms the basis of the affidavit in support of the search warrant[] was obtained as a result of a search of the premises without consent and without a search warrant, in violation of the Fourth Amendment to the United States Constitution." The district court, after briefing by the parties and an evidentiary hearing, denied Mr. Macias' motion. The court determined the officers had at least implied consent to enter the home; the protective sweep constituted an illegal search; the warrant was valid based on the probable cause the officers had prior to entering the home and conducting the illegal protective sweep; and despite its initial discovery during the illegal search, the marijuana was admissible under the "inevitable discovery" doctrine. After issuance of the court's order, Mr. Macias entered a conditional plea of guilty to one count of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1), preserving his right to appeal the trial court's denial of his motion.

## DISCUSSION

This case presents two basic issues as they relate to the district court's denial of Mr. Macias' motion to suppress: (1) whether the warrant, when stripped of evidence obtained through the illegal protective search, was supported by sufficient probable cause; and (2) whether the fruits of the illegal protective

search – the orange garbage sacks full of marijuana – can be saved through the doctrines of good faith, inevitable discovery, or independent source.[2]

When reviewing a district court's denial of a motion to suppress, we accept the court's factual findings unless they are clearly erroneous and consider the evidence in the light most favorable to the government. However, we review de novo the reasonableness of a search and seizure under the Fourth Amendment. *See United States v. Flores*, 149 F.3d 1272, 1277 (10th Cir. 1998), *cert. denied*, 119 S. Ct. 849 (1999). When reviewing a finding of probable cause for the issuance of a search warrant, we "must consider the totality of the circumstances and determine whether the affidavit established the probability that evidence of criminal activity would be located in the desired search area." *United States v.*

_____

[2] Mr. Macias spends a good deal of energy in his brief arguing the protective sweep doctrine does not apply in this case. This issue is not before us on appeal because the district court agreed with Mr. Macias and held the search of the home was an illegal search and did not qualify as a protective sweep. In addition, the government does not argue the point in its brief. Therefore, our decision assumes, without deciding, the search of the home was not a valid protective search.

We take a similar position with Mr. Macias' argument that the officers' initial entry into his home was not consensual. We need not decide this issue in order to uphold the district court's determination the warrant was supported by probable cause based on evidence obtained prior to the entry into the house. As such, we refuse to reach the issue of consent. We ignore the evidence concerning the aroma of marijuana, and Ms. Munoz's statement to the officers that marijuana might have been in the house.

*Wittgenstein*, 163 F.3d 1164, 1171 (10th Cir. 1998), *cert. denied*, 119 S. Ct. 2355 (1999). The issuing magistrate judge's determination that probable cause exists is entitled to "great deference such that we ask only whether the issuing magistrate had a substantial basis for determining probable cause existed." *Id*. at 1172 (quotation marks and citations omitted).

The affidavit supporting the search warrant in this case contained information the district court determined was illegally obtained pursuant to the improper "protective search." The affidavit also included information the officers obtained prior to entering Mr. Macias' home. "An affidavit containing erroneous or unconstitutionally obtained information invalidates a warrant if that information was critical to establishing probable cause. If, however, the affidavit contained sufficient accurate or untainted evidence, the warrant is nevertheless valid." *United States v. Snow*, 919 F.2d 1458, 1460 (10th Cir. 1990) (citing *United States v. Karo*, 468 U.S. 705, 719 (1984)).

The affidavit in this case, when stripped of the inappropriately obtained information, provided sufficient probable cause to support issuance of the warrant. The affidavit meticulously detailed Deputy Broadhead's training and experience in law enforcement and the facts surrounding the attempted

undercover purchase of marijuana. Specifically, the affidavit makes the following assertions: (1) the suspects offered to sell undercover officers twenty pounds of marijuana; (2) the suspects were later observed entering Mr. Macias' home; (3) the suspects then exited the residence carrying a large plastic orange trash bag; (4) when officers attempted to stop the suspects' vehicle, a short chase ensued, during which time the orange bag was thrown from the vehicle; (5) officers recovered the bag and determined it contained a large amount of marijuana. Deputy Broadhead stated in the affidavit that "[b]ased on the previous observations of the orange plastic bag coming from the residence sought to be searched, detectives felt that there was a strong possibility that additional narcotics were being stored at the residence." We have no difficulty in determining, given the untainted evidence listed in the affidavit, the issuing magistrate or judge had a "substantial basis" for finding probable cause, and therefore the warrant was valid.[3] *Cf. United States v. Anderson*, 981 F.2d 1560,

---

[3] Because we hold the warrant was valid, we do not reach Mr. Macias' arguments in relation to the good-faith exception to the exclusionary rule. Mr. Macias also argues the search warrant affidavit intentionally or recklessly omitted material facts in violation of *Franks v. Delaware*, 438 U.S. 154 (1978). While this issue was very briefly raised at the district court in the context of the good- faith argument, Mr. Macias raises it as an independent ground for holding the warrant facially invalid for the first time on appeal. In support of his position, Mr. Macias relies primarily on the fact the affidavit did not mention the suspects rendezvoused with a vehicle and exchanged a package with the occupants of said vehicle prior to driving to Mr. Macias' residence. This is not a material fact as to the probable cause to search the residence – regardless of what occurred prior to arriving at Mr. Macias' home, the suspects were observed entering the residence, then

1569 (10th Cir. 1992) (probable cause did not exist to search residence when officers did not see suspect leave residence with bowl later determined to hold marijuana); *United States v. Shomo*, 786 F.2d 981, 984 (10th Cir. 1986) (officers did have probable cause to search residence for gun when resident seen leaving home with gun).

Having decided all the evidence from Mr. Macias' home was ultimately seized pursuant to a valid warrant, we now turn to whether the marijuana evidence was admissible despite the illegal origins of its discovery. This evidence "is not automatically subject to suppression under the exclusionary rule." *United States v. Eylicio-Montoya*, 70 F.3d 1158, 1164-65 (10th Cir. 1995). We have "identified several circumstances in which evidence obtained following a Fourth Amendment violation is not subject to suppression," including situations where "illegally seized evidence ... was also lawfully obtained through an independent source" and "'when ... the evidence in question would inevitably have been discovered without reference to the police error or misconduct.'" *Id*. at 1165 (quoting *Nix v. Williams*, 467 U.S. 431, 448 (1984)) (internal citations omitted). Citing *Nix*, the district court determined the evidence was admissible under the inevitable

leaving with a large bag of what turned out to be marijuana. Mr. Macias' argument in this regard has no merit – the facts omitted from the affidavit are immaterial.

-8-

discovery doctrine. We exercise our discretion "to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court," *United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994), and hold the evidence was admissible under the closely-related independent source doctrine.

"The independent source doctrine permits the introduction of 'evidence initially discovered during, or as a consequence of, an unlawful search, but later obtained independently from activities untainted by the initial illegality.'" *United States v. Griffin*, 48 F.3d 1147, 1150 (10th Cir.) (quoting *Murray v. United States*, 487 U.S. 533, 537 (1988)), *cert. denied*, 515 U.S. 1168 (1995). This doctrine rests "upon the policy that, while the government should not profit from its illegal activity, neither should it be placed in a worse position than it would otherwise have occupied." *Murray*, 487 U.S. at 542. Given Deputy Broadhead's independent knowledge that a large garbage bag full of marijuana had been taken from Mr. Macias' residence, which created sufficient probable cause to search the residence prior to the improper protective sweep, the evidence seized pursuant to the valid warrant was admissible. *See United States v. Hogan*, 38 F.3d 1148, 1150-51 (10th Cir. 1994), *cert. denied*, 514 U.S. 1008 (1995).

Accordingly, we **AFFIRM** the district court's denial of the suppression motion.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge